**WO**                          **NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **DAVID A. DESHLER,** | ) |
|     **Plaintiff,** | ) |
|     v. | ) CIV 04-1554 PCT MEA |
| **PINON UNIFIED SCHOOL DISTRICT,** | ) MEMORANDUM AND ORDER |
|     **Defendant.** | ) |

All of the parties have consented to the exercise of magistrate judge jurisdiction over this case, including the entry of final judgment. Before the Court is Defendant's motion for summary judgment (Docket No. 30). The Court heard oral argument from counsel for the parties regarding the motion for summary judgment on March 29, 2006.

**I. Procedural Background**

Plaintiff's *pro per* complaint, filed July 29, 2004, alleged Defendant wrongfully discriminated against him based on his gender, i.e., male, and his race, i.e., white, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff further asserted Defendant retaliated against him, in

violation of Title VII and state law.[1]  Plaintiff contends he was constructively discharged by Defendant on February 25, 2004, when he was placed on administrative leave.  See Complaint at paras. 14, 26.  Plaintiff acquired counsel on or about December 2, 2004.  See Docket No. 4.

A scheduling order (Docket No. 20) was issued in April of 2005.  Defendant proposed an offer of judgment to Plaintiff in May 2005.  See Docket No. 21.  Plaintiff was deposed. Defendant filed a motion for summary judgment on January 6, 2006, and a separate statement of facts in support of the motion.  Docket No. 30 & Docket No. 31.  Plaintiff filed a response to the motion for summary judgment and a separate statement of facts on January 27, 2006.  Docket No. 33 & Docket No. 34.  Defendant filed a motion to strike portions of Plaintiff's statement of facts on February 14, 2006.  See Docket No. 38.  Plaintiff responded to the motion to strike on February 16.  Docket No. 39.

The Court heard oral argument from counsel for the parties regarding the motion for summary judgment and the motion to strike on March 29, 2006, at which time the Court denied the motion to strike and took the motion for summary judgment under advisement.

---

[1] The complaint also alleged state causes of action for gender and race discrimination in violation of the Arizona Civil Rights Act, breach of contract, breach of the covenant of good faith and fair dealing, negligent supervision, and violation of Arizona Revised Statutes Annotated § 23-350, i.e., that Defendant failed to timely pay Plaintiff wages due Plaintiff.  On February 16, 2005, the Court granted Defendant's motion to dismiss Plaintiff's state law claims.

**II. Standard for granting summary judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts of the case and the moving party is entitled to a judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986).

> For purposes of deciding a motion for summary judgment, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party, and "material" means that the fact is one that might affect the outcome of the suit under the governing law.

United States v. One Parcel of Real Prop. with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992). See also Guidroz-Brault v. Missouri Pac. R.R. Co., 254 F.3d 825, 829 (9th Cir. 2001).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a

genuine issue for trial." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510.

The United States Supreme Court has stated that when a party moving for summary judgment has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586, 587, 106 S. Ct. 1348, 1356 (1986). ("[I]f the factual context renders respondents' claim implausible ... respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary.") The party opposing the motion may not rest upon the mere allegations or denials of her pleadings, but instead must produce some significant, probative evidence tending to contradict the moving party's allegations, thereby creating a genuine question of fact for resolution at trial. Anderson, 477 U.S. at 248, 256-57; 106 S. Ct. at 2510, 2513-14 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24, 106 S. Ct. at 2553. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.

-4-

1994). Because plaintiffs bear the burden of proof at trial, defendants have no burden to negate plaintiffs' claims to prevail on their motion for summary judgment. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552- 53. A defendant moving for summary judgment does not have the burden to produce any evidence showing the absence of a genuine issue of material fact. Id. at 325, 106 S. Ct. at 2553-54. Instead, Defendant's burden, as the party seeking summary judgment, may be discharged by showing that there is an absence of evidence to support each of Plaintiff's claims. See id.

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S. Ct. at 2512. Additionally, the evidence presented in opposition to a motion for summary judgment must be probative and properly supported: "A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of 'ersatz evidence.'" Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982).

The Court must consider Defendant's motion for summary judgment construing all alleged facts with all reasonable inferences favoring Plaintiff. See, e.g., Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir.), cert. denied, 126 S. Ct. 749 (2005).

**III. Statement of facts**

The following facts are not disputed by the parties.

Defendant, the Pinon Unified School District, hired Plaintiff in March of 2003, to teach third grade. Plaintiff was one of approximately six white male teachers working at an elementary school where the other approximately 19 teachers were Navajo females.

Prior to being employed by Defendant, Plaintiff was employed by a school district in California, the Konocti school district. In October 2002, in response to "some complaints," Konocti informed Plaintiff they intended to dismiss him after a hearing. Plaintiff resigned his position and the hearing was never conducted.

Prior to being employed by the Konocti district, Plaintiff was employed by another school district in California, the Santa Rita district, where he was the subject of a "lengthy investigation" into a complaint that he had sexually harassed a student. The Santa Rita district informed Plaintiff he would not be rehired because of parent and student complaints in March 2002.

Plaintiff did not put his employment with the Konocti district on his Pinon school district job application under the heading of his most recent employment. On his application, Plaintiff asserted the reason for his termination of employment with the Santa Rita school district was his "relocation." Pinon school district policy provides that submitting an incomplete or inaccurate job application is grounds for dismissal. Cf. Ariz.

-6-

Rev. Stat. Ann. § 15-512(F) (1991 & Supp. 2005) (requiring Arizona school districts to make a good faith effort and to adopt procedures to allow them to obtain information relevant to an applicant's fitness for employment as a teacher).

Plaintiff was hired by Defendant in March 2003 to teach for the remainder of the 2002-2003 school year. At the end of that school year, Defendant renewed his contract for the 2003-2004 school year.

In June 2003, after Plaintiff's teaching contract with Defendant was renewed for the following full school year, the school district administration received a report that Plaintiff had engaged in inappropriate conduct with students, i.e., inappropriately hugging students and having students take candy from his pants pocket. The district superintendent met with Plaintiff and warned him about his conduct and warned him future complaints could result in termination of his employment.

In February of 2004, the Pinon school district administration received a report that Plaintiff had engaged in inappropriate conduct with students. The principal of the elementary school, Ms. Johns, who had hired Plaintiff and recommended renewal of his contract, placed Plaintiff on administrative reassignment to his home pending an investigation. Students, teachers, and parents were interviewed and the school district administration concluded, on the basis of the interviews, that Plaintiff had engaged in inappropriate conduct with students.

1   Ms. Johns informed Plaintiff she was going to recommend
2 to the district school board that his contract not be renewed.
3 The Pinon Unified School District Board adopted that
4 recommendation. Plaintiff served the remainder of his contract
5 for the 2003-2004 school year, February through May of 2004, at
6 his home. His employment was, therefore, formally terminated in
7 June 2004 when his contract expired.
8   Plaintiff filed a charge of discrimination with the
9 EEOC in March 2004, alleging discrimination based on his race,
10 i.e., white, ethnicity, i.e., non-Navajo, and gender, i.e.,
11 male. The EEOC dismissed the charge after an investigation.
12 Plaintiff did not assert a retaliation claim in his EEOC charge.

13   **IV.  Substantive law**

14   Title VII of the Civil Rights Act of 1964 ("Title VII")
15 provides in relevant part that it is an unlawful employment
16 practice for an employer to discharge an individual based on the
17 individual's race or gender. See 42 U.S.C. § 2000e-2(a) (2003
18 & Supp. 2005). The Court must evaluate a plaintiff's claim of
19 racial and gender discrimination in violation of Title VII
20 employing the "McDonnell Douglas" burden-shifting analysis. See
21 St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 505-06, 113 S. Ct.
22 2742, 2746-47 (1993), citing McDonnell Douglas Corp. v. Green,
23 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).
24   A plaintiff has the initial burden of establishing a
25 prima facie case that a defendant terminated his employment
26 based on his race or gender. See, e.g., Wallis v. J.R. Simplot
27 Co., 26 F.3d 885, 889 (9th Cir. 1994). If the plaintiff

28                                    -8-

succeeds in establishing a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the plaintiff's termination. See Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003).

If the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff must produce a preponderance of evidence to support a finding that the defendant's proffered reason for the action is pretextual, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Chuang v. University of Cal. Davis, 225 F.3d 1115, 1124 (9th Cir. 2000); Meiri v. Dacon, 759 F.2d 989, 994 (2d Cir. 1985).[2] Although the burden of production shifts to the defendant if the plaintiff establishes a prima facie case, the burden of proof remains with the plaintiff at all times. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089 (1981).

**V. Analysis**

**1. The merits of Plaintiff's Title VII discrimination claim**

To establish his prima facie race case of racial and gender discrimination, Plaintiff must provide evidence that:

---

[2] Plaintiff's counsel allowed in oral argument that Plaintiff has no direct evidence of a discriminatory motive for Defendant's employment decisions.

-9-

(1) he is a member of a protected class; (2) he performed his job adequately; (3) he was subjected to an adverse employment action; and (4) that he was treated differently than similarly situated employees. See, e.g., Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1031 (9th Cir. 2006); Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003); Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002). "The requisite degree of proof necessary to establish a prima facie case for Title VII ... on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." Villiarimo, 281 F.3d at 1062. However, Defendant is entitled to judgment as a matter of law unless Plaintiff can produce evidence in support of specific facts, as opposed to speculation, upon which a jury could conclude that Defendant took an adverse employment action against Plaintiff because of his race or gender. See St. Mary's Honor Ctr., 509 U.S. at 507, 113 S. Ct. at 2747-48; Noland v. Cleland, 686 F.2d 806, 812 (9th Cir. 1982).

The basis for Plaintiff's conclusion that Defendant discriminated against him because he is a white male is Plaintiff's belief that female Navajo employees were treated differently, a belief not supported by any evidence presented by Plaintiff. Cf. Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir. 1988) (concluding in the context of a gender discrimination suit that "purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment.").

As evidence of Defendant's discriminatory motive for placing Plaintiff on leave and then terminating his employment, Plaintiff points to what he believes was discriminatory conduct during his employment. Plaintiff "has identified several instances of discriminatory conduct on the part of Defendant towards him":

1. Plaintiff alleges no Navajo teachers were placed on administrative leave during Plaintiff's tenure with the district.

2. Plaintiff asserts that the school's dress code was only enforced with regard to non-Navajo teachers.

3. Plaintiff alleges that only white male teachers were disciplined for not attending parent-teacher conferences.

4. Plaintiff asserts disparity in the allowance of the use of school vehicles based on race.

5. Plaintiff contends that Navajo staff were allowed to take time off from work and Plaintiff was not allowed time off from work when he requested leave.

6. "Plaintiff was subjected to certain requirements by Defendant in order to attend educational classes when Navajos were not subjected to the same requirements in order to leave early."

7. Plaintiff asserts Navajo staff were allowed input regarding school activities and non-Navajo staff did not have the same input.

8. Plaintiff alleges that school property, i.e., stereos, were "distributed" with preference given to Navajo

-11-

personnel based on their race.

9. "Navajo staff did not receive reprimands when non-Navajo staff did for similar conduct."

Plaintiff offers only his own deposition testimony as support for these assertions of fact from which the inference of an unlawful discriminatory motive is to be drawn. Plaintiff does not offer affidavits from other white or male teachers at the school, or the statements of any other employees or staff at the school, regarding Defendant's alleged specific acts of discrimination against Plaintiff based on his gender or race, or discrimination against any other white male based on their gender or race, which would provide some circumstantial evidence of an unlawful motive. Cf. Casillas v. United States Navy, 735 F.2d 338, 342 (9th Cir. 1984) ("Although not determinative alone, admissible [disparate] impact evidence can be relevant, though often weak, circumstantial evidence of discriminatory intent."). Plaintiff concedes throughout his deposition that he did not really know whether each of these decisions or acts by Defendant was predicated on a discriminatory motive, rather than a legitimate motive. Plaintiff concedes that, in some of these situations, female Navajo teachers were not treated differently from white male teachers.

Although the standard of production to establish a prima facie case is minimal, Plaintiff has failed to provide any evidence of a discriminatory motive. Plaintiff has failed to establish a prima facie case that his rights pursuant to Title VII were violated because his has not met his burden of

-12-

providing any evidence from which an inference could be drawn that Defendant had a discriminatory reason for placing Plaintiff on leave and then terminating his employment. Plaintiff has failed to meet the evidentiary burden necessary to defeat Defendant's motion for judgment as a matter of law regarding Plaintiff's claims of racial discrimination. See Lyons v. England, 307 F.3d 1092, 1113 (9th Cir. 2002) (stating that a plaintiff's failure to offer evidence in support of an element of his Title VII claim must result in summary judgment for the defendant).

Even if Plaintiff could establish a prima facie case of discrimination,[3] Defendant has proffered a legitimate, non-discriminatory reason for the challenged employment actions and Plaintiff has failed to offer any evidence that the stated reason is a pretext for discrimination. Although a plaintiff may rely on circumstantial evidence to show pretext, such evidence must be both specific and substantial. See Villiarimo, 281 F.3d at 1062; Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998). Plaintiff does not offer any specific evidence, much less substantial evidence, which would allow a reasonable fact-finder to even infer that Defendant's motive for placing Plaintiff on leave and then terminating his employment

---

[3] The Court notes that, in order to succeed in a Title VII case, the Plaintiff must also establish that he was qualified for the relevant employment or performing adequately in the relevant employment. See, e.g., Lyons v. England, 307 F.3d 1092, 1113 (9th Cir. 2002). Plaintiff's past employment history and his failure to renew his teaching certificate also weigh against a conclusion that Plaintiff has established a prima facie case alleging a violation of Title VII.

-13-

was for any reason other than the stated reason.

The Court notes that Ms. Johns both hired Plaintiff and recommended his termination. Discussing the "same actor inference," the Ninth Circuit Court of Appeals has found it "nonsensical" for a court to conclude that a supervisor who hired someone in a protected class then developed an aversion to this individual presumably on their race or gender within a short period of time. See Coghlan v. American Seafoods Co. LLC, 413 F.3d 1090, 1097 (9th Cir. 2005) ("the point of the same-actor inference is that the evidence rarely is 'sufficient ... to find that the employer's asserted justification is false' when the actor who allegedly discriminated against the plaintiff had previously shown a willingness to treat the plaintiff favorably. ... if a plaintiff can muster the extraordinarily strong showing of discrimination necessary to defeat the same-actor inference, then the case likely must go to the jury.").

Because Plaintiff has failed to rebut Defendant's legitimate reason for placing Plaintiff on administrative leave and then terminating his employment by offering even a scintilla of evidence that Defendant's motive was inconsistent or unworthy of credence, Defendant is entitled to judgment as a matter of law with regard to Plaintiff's claim that Defendant took adverse employment action against Plaintiff based on his race or gender. Compare McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1115, 1123-24 (9th Cir. 2004).

-14-

### B.  Plaintiff's Title VII retaliation claim

Defendant contends Plaintiff's retaliation claim is barred because he did not raise a retaliation claim with the EEOC, an administrative prerequisite to a Title VII suit. Plaintiff's counsel conceded at oral argument that Plaintiff did not raise a retaliation claim in his EEOC complaint. Because Plaintiff did not raise his retaliation claim in his EEOC complaint prior to bringing suit, the Court does not have subject matter jurisdiction to consider the merits of this claim. See, e.g., Vasquez v. County of Los Angeles, 349 F.3d 634, 645 (9th Cir. 2004); Paige v. California, 102 F.3d 1035, 1041 (9th Cir. 1996).

Additionally, the Court concludes that, as a matter of law, Plaintiff has not asserted that he engaged in a protected act as that term is defined by Title VII and, therefore, that the retaliation claim could also be dismissed for Plaintiff's failure to state a claim on which relief may be granted.[4]

---

[4] Plaintiff asserts he was retaliated against for making critical comments at a meeting regarding school training methodology and materials, which "irritated" Ms. Johns. Docket No. 31, Exh. A (deposition of Plaintiff) at 127-28; Docket NO. 33 at 6-7.
42 U.S.C. § 2000e-3 provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ..., or for a labor organization to discriminate against any member thereof ..., because he has opposed any practice *made an unlawful employment practice by this subchapter, or because he has made a charge ... under this subchapter.*

An employee complaining about an employer's unlawful employment practice (age discrimination, gender or race discrimination, disability discrimination) is "protected activity,"

-15-

### VI. Conclusion

The only reasonable inference which can be drawn from undisputed facts supported by the record in this case is that there was no unlawful discriminatory motive for Defendant's decision to terminate Plaintiff's employment. Plaintiff's own statements in his deposition belie his position that he was treated differently from other teachers employed by Defendant because of his gender or his race. Plaintiff provides no evidence that teachers who were white and male were treated differently from female Navajo teachers. Plaintiff provides no specific or substantial evidence that Defendant's decisions, to place Plaintiff on administrative leave and to not re-hire Plaintiff, were predicated on any unlawful discriminatory motive rather than Defendant's asserted legitimate motive, i.e., that students, teachers, and parents had raised concerns about Plaintiff's inappropriate conduct with students. Plaintiff's conclusory statements and personal beliefs are insufficient to sustain his burden of proof with regard to the elements of his Title VII claims and, therefore, Defendant is entitled to judgment as a matter of law with regard to Plaintiff's claims against Defendant.

---

whether or not the employee's complaint is informal or formal, written or not. See, e.g., E.E.O.C. v. Ohio Edison Co., 7 F.3d 541, 545-46 (6th Cir. 1993). Clearly, Plaintiff's alleged protected activity, i.e., criticizing a decision by the school administration regarding a training methodology and materials, was not a "protected act." See E.E.O.C. v. A. Sam & Sons Produce Co., Inc., 872 F. Supp. 29, 37 (W.D.N.Y. 1994).

-16-

**THEREFORE, IT IS ORDERED THAT** Defendant's motion for summary judgment (Docket No. 30) is **GRANTED**. Judgment as a matter of law shall be entered in favor of Defendant and against Plaintiff with regard to Plaintiff's Title VII claims.

**IT IS FURTHER ORDERED** that, as a result of summary judgment having been granted, the Clerk of the Court shall enter judgment accordingly.

DATED this 11th day of April, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-17-